[No. 1187-1.    Division One—Panel 2.    October 30, 1972.]

JAMES C. PRICHARD et al., *Appellants*, v. McDOWELL CRANES et al., *Respondents*.

*Wolfstone, Panchot & Bloch* and *J. Porter Kelley*, for appellants.

*Elvidge, Veblen, Tewell, Bergmann & Taylor* and *William A. Taylor* for respondents.

JAMES, J.—Plaintiff James C. Prichard seeks damages for the loss of the thumb and forefinger of his right hand, severed while he was engaged in cleaning and washing the valve box of the pumping mechanism of defendant Mc-Dowell Crane's concrete pumping truck.

Prichard claims that the sole proximate cause of his injury was the negligence of defendant James Blakslee in activating the pumping mechanism when he knew, or in the exercise of ordinary care should have known, that Prichard was actively engaged in cleaning the valve box.

Defendants claim that the sole proximate cause of Prichard's injury was his own negligence in placing himself in a position of obvious peril and in disregard of a sign prominently displayed over the valve box which read, "Warning, do not place hands in valve box at any time."

Trial resulted in a jury verdict for defendants.

The issue on appeal is whether the trial judge erred in refusing Prichard's requested instructions covering both phases of the last clear chance doctrine.[1] Viewed in the light most favorable to Prichard, substantial evidence established that, in participating in the cleanup at the conclusion of the cement pour, Prichard was conforming to a custom of the construction trade whereby a member of the carpenters crew voluntarily assists the pump truck driver. Prichard assisted defendant Blakslee, the truck driver, in opening the valve box at the rear of the truck to expose the working parts of the pumping mechanism so that it could be flushed and cleaned by the use of a hose-directed stream of water under pressure. Prichard undertook the washing chore. Blakslee then left the rear of the truck to go to the control panel to activate the pump so that the exposed

---

[1] Prichard's requested instructions are taken from WPI 12.08 and WPI 12.08.02.

"If you find that the plaintiff was negligent and that plaintiff's negligence continued up to the time of the accident and if you find that defendant saw plaintiff in a position of peril and that defendant had an opportunity to avoid the accident by the exercise of ordinary care, then the defendant had a duty to avail himself of that opportunity to avoid the accident. If you find that he failed to do so and that his failure was a proximate cause of the accident, he is liable notwithstanding plaintiff's own negligence." Proposed instruction No. 21.

"If you find that the plaintiff was negligent and that plaintiff's negligence continued up to the time of the accident and that such negligence culminated in a situation of peril from which the plaintiff could not extricate himself by the exercise of ordinary care, and if you find that the defendant by the exercise of ordinary care should have seen such peril in time to have had an opportunity to avoid the accident by the exercise of ordinary care, then the defendant had a duty to avail himself of that opportunity to avoid the accident. If you find that he failed to do so and that his failure was a proximate cause of the accident, he is liable notwithstanding plaintiff's own negligence." Proposed instruction No. 20.

cylinders and working parts of the pumping mechanism could be flushed with water. At that time, according to Prichard's testimony, he was standing "maybe a foot or two away" from the valve box "directing the water" into it.

The control panel is attached to the passenger side of the truck, immediately to the rear of the cab. From this point Blakslee could not see either Prichard or the valve box. However, there was available to Blakslee a remote control switch on an extension cord which he could have brought to the rear of the truck.

The "flapper" is a mechanism in the valve box which alternately opens and closes the two cylinders through which the liquid cement mixture is forced by pistons. Blakslee started the pump and Prichard's hand was caught by the flapper. Necessarily Prichard's hand could not have been caught had he not put it inside the valve box.

Prichard's testimony would permit finding that he was unfamiliar with the pump mechanism; that Blakslee did not caution him to keep his hands out of the valve box; that he did not see the warning sign above the valve box; that he was unaware of the danger; and that had Blakslee used the remote control switch he could have positioned himself to see that Prichard had his hand in the valve box.

It is Prichard's theory that he was entitled to the benefit of the last clear chance doctrine because Blakslee saw him in a position of *potential* peril and should have anticipated that he would "get into imminent peril." In his brief Prichard asserts that:

> Our Supreme Court has repeatedly held that where defendant sees the plaintiff is not at first within the direct path of the injuring instrumentality but the circumstances are such as to indicate that the plaintiff may very well bring himself into such path, and where defendant knows or has reason to know that plaintiff is unaware of the impending danger, then the first phase must be applied under simple considerations of humanity.

■■ We do not agree. A careful reading of the cases relied upon by Prichard discloses that in each case in which

submission of the last clear chance doctrine was approved, the plaintiff's negligence had contributed to place him in a position of *actual* peril which the defendant saw or should have seen.

> The doctrine of last clear chance does not come into play unless both parties were negligent and the negligence of each was a contributing, proximate cause of the accident. [Citations omitted.]

*Wood v. Postelthwaite,* 6 Wn. App. 885, 897, 496 P.2d 988 (1972).

As contemplated by the last clear chance doctrine, "position of peril" is a term of art. It means more than that the plaintiff's position was *potentially* precarious. It means that the concurrent negligence of the parties has set in motion forces which will inevitably cause injury to plaintiff unless one of the parties acts in time to avoid the consequences of their concurrent negligence.

The evidence would support a finding that Blakslee was guilty of primary negligence in failing to warn Prichard and in failing to go to the rear of the truck with the remote control switch so that he could see Prichard before he activated the pump. The evidence would support a finding that Prichard was contributorially negligent in placing his hand in the valve box. But at *that* point, with Blakslee negligently at the front of the truck and Prichard negligently with his hand in the valve box, Blakslee did not and could not see Prichard. Blakslee had no last clear chance to save Prichard from the consequences of his contributory negligence.

Affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.